IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| METRO EAST BLACK CONTRACTORS ORGANIZATION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 11-1041-GPM ) |
| ILLINOIS DEPARTMENT OF TRANSPORTATION, et al., | ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for reconsideration of denial of pro hac vice ("PHV") admission brought by attorney Eric Vickers, putative counsel for Plaintiff Metro East Black Contractors Organization, Inc. ("MEBCO") (Doc. 7). On November 29, 2011, the Court denied a motion by Vickers for PHV admission in this case. In denying Vickers PHV admission, the Court noted that Vickers, though licensed to practice law in Missouri, currently is under suspension from the practice of law in Illinois until further order of Illinois state bar authorities. The Court noted further that the rules of professional conduct adopted by this Court are "the Rules of Professional Conduct adopted by the Supreme Court of Illinois as amended from time to time," and that violations of this Court's rules of professional conduct are grounds for imposing discipline on attorneys. SDIL-LR 83.2(b). The Court's disciplinary power extends to attorneys who apply to be admitted or who are admitted to practice before the Court PHV. *See* SDIL-LR 83.2(c). The Court found that Vickers has been convicted of multiple violations of the Illinois Supreme Court's Rules

of Professional Conduct and is under indefinite suspension from the practice of law in Illinois. Accordingly, the Court found that Vickers cannot practice PHV in this forum, and gave MEBCO ninety (90) days to secure new counsel.[1]

District courts have inherent power to reconsider interlocutory orders. *See Marconi Wireless Tel. Co. of Am. v. United States*, 320 U.S. 1, 47-48 (1943) (a court has power, at any time before entry of final judgment, to reconsider any portion of an interlocutory decision and to reopen any part of a case); *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985) ("Of course, if the order was interlocutory, [the district judge] had the power to reconsider it at any time before final judgment."). Reconsideration of an interlocutory order is committed to a court's sound discretion. *See* Fed. R. Civ. P. 54(b) (stating that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the

---

1. This perhaps is the place to note that, throughout Vickers's motion for reconsideration of the Court's denial of PHV admission, Vickers disingenuously refers to the discipline imposed upon him by the Illinois Supreme Court, on the recommendation of the Illinois Attorney Registration and Disciplinary Commission ("ARDC"), as "a two-year suspension." In fact, Vickers was suspended from the practice of law in Illinois for two years and until further order ("UFO") of the Illinois Supreme Court. Generally, UFO suspensions "are reserved for cases in which an attorney must prove that he or she has remedied a significant problem before resuming practice or where the evidence indicates that the attorney is unlikely to adhere to ethical standards in the future[.]" *In re Friedman*, Commission No. 08 CH 32, 2011 WL 200736, at *4 (Ill. Atty. Reg. Disp. Comm'n Jan. 14, 2011) (quotation and citation omitted). Also, UFO suspensions typically are ordered when an attorney must make restitution to former clients. *See, e.g. In re Goldstein*, 468 N.E.2d 959, 963 (Ill. 1984). As the Court noted in its order denying Vickers PHV admission, at the time Vickers was suspended from the practice of law in Illinois, the ARDC review board that recommended Vickers's UFO suspension expressed both concern that Vickers appeared not to understand the severity of his misconduct and had implemented no changes in his practice to ensure that such misconduct would not recur, as well as serious doubt that Vickers would mend his ways. Also, as will be discussed in a bit more detail presently, although Vickers was ordered by the Illinois Supreme Court to make restitution to three former clients in a total amount of $5,400, with interest, to date Vickers has not made any restitution to those former clients.

action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *Fisher v. National R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993) (noting "the practically unbridled discretion of a district court to reconsider a previous interlocutory order."). The standards under which a motion for reconsideration of an interlocutory order are judged are essentially those under which a motion to alter or amend a judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is evaluated. Thus, reconsideration of an interlocutory order is proper where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Neal v. Honeywell, Inc.*, No. 93-1143, 1996 WL 627616, at *3 (N.D. Ill. Oct. 25, 1996) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). *See also Zurich Capital Mkts. Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) (quoting *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)) ("[M]otions for reconsideration [of interlocutory orders] serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."). Furthermore, "[m]otions for reconsideration [of interlocutory orders] generally are not encouraged." *Johnson v. City of Kankakee*, No. 04-2009, 2007 WL 1431874, at *1 (C.D. Ill. May 11, 2007) (quoting *Wilson v. Cahokia Sch. Dist. # 187*, 470 F. Supp. 2d 897, 913 (S.D. Ill. 2007)). This is because true manifest errors of law and fact "rarely arise" and, consequently, "the motion to reconsider should be equally rare." *Neal*, 1996 WL 627616, at *3 (quoting *Bank of Waunakee*, 906 F.2d at 1191).

In this instance, Vickers's principal argument for reconsideration of the Court's denial of PHV admission is that he is an attorney highly skilled in the area of civil rights law (this lawsuit involves allegations of racial discrimination against MEBCO by the Illinois Department of Transportation), and that a refusal to allow him to appear as MEBCO's counsel in this action would seriously disadvantage MEBCO. The Court will take Vickers at his word about his prowess as a civil rights litigator. The Court notes, however, that the only previous civil right lawsuit in which Vickers appeared before the undersigned District Judge, *Spain v. Board of Education of Meridian Community Unit School District 101*, Civil No. 95-4265-GPM (S.D. Ill. filed Nov. 20, 1995), culminated in dismissal of the case by reason of Vickers's failure to comply with various orders of the Court, together with the imposition of sanctions on Vickers in the amount of $2,285. This judgment was affirmed by the United States Court of Appeals for the Seventh Circuit. *See Spain v. Board of Educ. of Meridian Cmty. Unit Sch. Dist. No. 101*, 214 F.3d 925, 929-32 (7th Cir. 2000).[2] Also, despite Vickers's claim that various circumstances, including attaining the age of fifty, have endowed him with new wisdom and circumspection, in the short time this case has been on file Vickers has violated Rule 11(a) of the Federal Rules of Civil Procedure, by failing to sign his PHV motion and the civil cover sheet accompanying the complaint in this case, and Rule 10(a) of the Federal Rules of Civil Procedure, by failing to state the docket number of this case on the complaint. Moreover, after the Court denied Vickers PHV admission in this case, Vickers sent the Court an

---

2. The Court observes also that a portion of the misconduct for which Vickers was suspended from the practice of law in Illinois UFO occurred in another case brought by Vickers in this forum, *McCutchen v. Slifer*, Civil No. 97-4303-MJR (S.D. Ill. dismissed Sept. 12, 2001). On the ARDC's recommendation, the Illinois Supreme Court subsequently ordered Vickers to pay McCutchen, Vickers's onetime client, $1,900, plus interest accruing at nine percent compounded annually, from January 18, 2000. *See In re Vickers*, Supreme Court No. M.R.18384, 2002 WL 32309329, at *1 (Ill. Nov. 26, 2002).

ex parte communication requesting an ex parte conference with the undersigned about the denial of PHV admission, a request the Court promptly denied, of course. *See* Doc. 5; Doc. 6. Obviously, Vickers's conduct since the filing of this case does not bode well for Vickers bringing a new professionalism to his handling of the case. In any event, the Court is aware of numerous attorneys in this area who are highly skilled in civil rights litigation and who are not suspended from the practice of law in Illinois, as Vickers is, so that it should not be difficult for MEBCO to find substitute counsel in this case.

To the extent Vickers wishes to drag constitutional considerations into this matter, these are disposed of easily enough. In a criminal case, under the Sixth Amendment of the Constitution, "[a] defendant's right to the counsel of his choice includes the right to have an out-of-state lawyer admitted *pro hac vice*." *United States v. Ries*, 100 F.3d 1469, 1471 (9th Cir. 1996). However, "[t]here is no Sixth Amendment protection for the 'denial of *chosen* counsel in a civil case.'" *Kampitch v. Lach*, 405 F. Supp. 2d 210, 214 (D.R.I. 2005) (quoting *Young v. City of Providence*, 404 F.3d 4, 24 (1st Cir. 2005)) (emphasis in original). Typically, a liberal approach is taken by federal courts in allowing out-of-state attorneys to practice PHV. The trend of leniently granting PHV admission stems from *Selling v. Radford*, 243 U.S. 46 (1917), which held that an attorney who was no longer a member of a state bar was not automatically precluded from appearing before the Supreme Court of the United States. *See id*. at 50-51. Liberal admission also is commonly allowed as a matter of comity between states. *See Leis v. Flynt*, 439 U.S. 438, 441-42 (1979). However, such comity is not mandated by the Constitution or any other federal law. *See id*. at 443 (there is no "basis for the argument that the interest in appearing *pro hac vice* has its source in federal law."). Rather, "[f]ederal courts admit and suspend attorneys as an exercise of their inherent power[.]" *In re*

*Snyder*, 472 U.S. 634, 645 n.6 (1985). Thus, "[a]dmission before the Bar traditionally has been considered primarily and initially subject to control by the admitting court and this control is subject to review only by reason of abuse of discretion or constitutional infirmities in the exercise of the control." *Panzardi-Alvarez v. United States*, 879 F.2d 975, 980 (1st Cir. 1989). *See also Frazier v. Heebe*, 482 U.S. 641, 651 n.13 (1987) ("[I]n many District Courts, the decision on whether to grant *pro hac vice* status to an out-of-state attorney is purely discretionary[.]").[3] As numerous courts have recognized, it is appropriate to withhold the privilege of appearing PHV from attorneys who have engaged in unprofessional conduct. *See United States v. Panzardi Alvarez*, 816 F.2d 813, 817 (1st Cir. 1987) (recognizing that a court may in its discretion deny a PHV application because of unethical conduct); *D.H. Overmyer Co. v. Robson*, 750 F.2d 31, 34 (6th Cir. 1984) (a bankruptcy court did not abuse its discretion in revoking an attorney's PHV status, where the attorney failed to comply with a bankruptcy rule requiring disclosure of conflicts of interest to the court); *In re G.L.S.*, 745 F.2d 856, 859 (4th Cir. 1984) ("The United States District Court has the authority to deny an attorney's application for admission to its bar when it is not satisfied that he possesses good private and professional character."); *In re Dreier*, 258 F.2d 68, 69-70 (3d Cir. 1958) (an erring lawyer who has been disciplined and who has given satisfactory evidence of repentance and has been rehabilitated and restored to his place at the bar should be admitted to practice before a district court, unless the court finds that the applicant is not currently of good moral or professional character); *Thomas v. Cassidy*, 249 F.2d 91, 92 (4th Cir. 1957) (affirming denial of PHV admission to an attorney guilty of unlawyerlike conduct).

---

3. In this District, this discretion in the matter of PHV admission of attorneys is codified in the Local Rules of Court, which provide that an attorney in good standing in another jurisdiction "may" be admitted PHV in this forum. SDIL-LR 83.1(b).

In this case, what the Court gleans from Vicker's memorandum of points and authorities in support of his motion for reconsideration of the Court's denial of PHV admission is that, in the nine years since Vickers was suspended from the practice of law UFO in Illinois: Vickers remains under suspension from the practice of law in Illinois; Vickers, as he freely concedes, has made no attempt to be reinstated to practice in Illinois; Vickers has allowed the burden of paying the restitution that he was ordered to make to his former clients by the Illinois Supreme Court to fall solely on the ARDC's Client Protection Program Trust Fund, and has not himself paid a penny of the restitution ordered by the Illinois Supreme Court; and, according to the online records of the ARDC, Vickers has failed to keep current with minimum compulsory legal education requirements, as he is required to do by the Illinois Supreme Court's Rules of Professional Conduct.[4] Under the circumstances of this case, and even taking into account MEBCO's interest in being represented by the counsel of its choice, the Court finds it an appropriate exercise of discretion to deny Vickers PHV admission in this case. *See In re BellSouth Corp.*, 334 F.3d 941, 956 (11th Cir. 2003) ("[A] litigant's freedom to hire the lawyer of his choice can be overridden if a court finds that the choice would interfere with the orderly administration of justice."). As already has been discussed, Vickers's numerous violations of the Illinois Supreme Court's Rules of Professional Conduct render him subject to discipline in this Court. Although Vickers suggests vaguely that the Court could employ a sanction against him less harsh than denial of PHV admission, Vickers makes no effort to explain what this lesser sanction might be. If Vickers means that he could be admitted PHV provisionally, until such

---

4. This is the place to point out that Vickers's claim that the Court is "involuntarily" compelling him to become a member of the Illinois Bar is ridiculous: Vickers *is* a member of the Illinois Bar, albeit one whose gross breaches of professional ethics have led to his indefinite suspension from the practice of law in Illinois.

time as he might commit misconduct warranting revocation of his PHV admission, the Court is not inclined to admit Vickers PHV, then "hold its breath for the duration of trial in hopes that [misconduct by the attorney admitted PHV] will not result." *Kohlmayer v. National R.R. Passenger Corp.*, 124 F. Supp. 2d 877, 882 (D.N.J. 2000) (an attorney's pattern of uncivilized behavior in past actions, including misconduct resulting in mistrials as well as belligerent conduct toward opposing counsel, warranted denial of the attorney's application for PHV admission to a federal district court, even though no disciplinary proceedings against the attorney had proceeded to a conclusion and even though the attorney was a member in good standing of a foreign state's bar). The Court is cognizant of Vickers's interest in practicing his profession but, as the United States Supreme Court emphasized nearly two hundred years ago, "it is extremely desirable that the respectability of the bar should be maintained, and that its harmony with the bench should be preserved." *Ex parte Burr*, 22 U.S. (9 Wheat.) 529, 530 (1824). In this case the Court can imagine few things so damaging to the respectability of the bar and this Court as permitting an attorney, Vickers, who is suspended from practice in Illinois state courts for severe breaches of professional ethics, breaches that, as discussed, the attorney has done nothing to remedy, nonetheless to practice in this forum. As a sister court has explained, "*pro hac vice* admission should only be occasionally permitted as a courtesy towards other . . . bars and not as a continuing practice to avoid membership in our bar or compliance with our disciplinary rules." *Hanson v. Spolnik*, 685 N.E.2d 71, 74 n.1 (Ind. Ct. App. 1997). Having been suspended indefinitely from practicing law in the Illinois state courts, Vickers will not be permitted to practice in this Court until such time as the Illinois Supreme Court may reinstate Vickers to the practice of law in Illinois. Vickers's motion for reconsideration of the Court's denial of PHV admission in this case will be denied.

To conclude, Vickers's motion for reconsideration of the Court's order entered November 29, 2011, denying Vickers PHV admission in this case (Doc. 7) is **DENIED**. In the November 29 order, the Court gave MEBCO ninety (90) days to secure new counsel, but added that, were the Illinois Supreme Court to reinstate Vickers to the practice of law in Illinois within that ninety-day period, Vickers could re-apply for PHV admission in this case. Because Vickers concedes in his memorandum of points and authorities in support of his motion for reconsideration that he cannot obtain reinstatement to the practice of law in Illinois within the time allotted by the Court, it is hereby **ORDERED** that Vickers is **TERMINATED** as counsel of record in this case. The Clerk of Court is directed to mail a copy of this Order to Vickers and to remove Vickers from the list of persons authorized to receive notices of electronic filing in this case. The Clerk of Court is directed further to obtain MEBCO's address from Vickers so that a copy of this Order can be mailed to MEBCO. MEBCO shall have up to and including **February 27, 2012**, to secure new counsel in this case; if MEBCO is unable to obtain new counsel by that date, MEBCO may petition the Court for a reasonable extension of time to procure new counsel.[5]

**IT IS SO ORDERED.**

DATED: December 16, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

5. The Court notes in passing that Vickers requested oral argument on his motion for reconsideration. Having considered the matter carefully, the Court has concluded that oral argument would not be helpful to resolution of Vickers's motion.